## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DENNIS L. NEWMAN, #335386,

        Petitioner,

v.                                   ACTION NO.
                                   2:06cv604

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

        This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254.  The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

## I. STATEMENT OF THE CASE

### A. Background

        Petitioner Dennis L. Newman ("Newman") was convicted in the Warren County Circuit Court on three habitual traffic offender counts and on one count of driving under the influence. Newman is presently serving a term of imprisonment in Cold Springs Work Center.  His total term of imprisonment under state prisoner #335386 is 6 years, 6 months, and 170 days.

        Newman filed a habeas petition in the Virginia Supreme Court which was refused on May

2, 2006, contending that he is wrongfully deprived of judicial good time credit to which he is entitled.

Newman filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 2, 2006. On February 8, 2007, respondent filed a Rule 5 Answer and Motion to Dismiss.

### B. Grounds Alleged

Newman asserts he is entitled to relief under 28 U.S.C. § 2254 because the Department of Corrections miscalculated his sentence term when it failed to grant him good time credit for misdemeanor and trustee time served in Warren County Jail. Newman contends that he is entitled to 90 days of judicial good time credit that was awarded to him by the Circuit Court judge on August 2, 2005. Credit was awarded to Newman for his period of service as a trustee in the Warren County Jail from November 14, 2003, through January 15, 2004.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted. See 28 U.S.C. § 2254(b) (2000). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Newman's petition to the Virginia Supreme Court for a writ of habeas

corpus contained the same claim raised in the present petition; therefore Newman's ground meets the exhaustion requirement.

## B. Merits

Newman previously asserted Ground (a) to the Virginia Supreme Court in his state habeas petition.  Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that the Virginia Supreme Court adjudicated on the merits[1] unless the Virginia Supreme Court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

The Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362 (2000).  Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 1151.

The Virginia Supreme Court, on May 2, 2006, decided Newman's petition for habeas corpus was frivolous.  Because the Virginia Supreme Court summarily rejected Newman's

---

[1]The Virginia Supreme Court does not have to set forth findings of fact and conlsutions of law in its disposition of a claim for the claim to be "adjudicated on the merits," Wright v. Angelone, 151 F.3d 151, 156-57 (4th Cir.1998).

petition, this Court will conduct an independent review of the applicable law to determine whether Newman has made the requisite demonstration under 28 U.S.C. § 2254(d)(1)-(2). Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000).  This independent review is limited to determining "whether the state court's adjudication of the claims before it was a reasonable one in light of the controlling Supreme Court law." Bell v. Jarvis, 236 F.3d at 162.

In his sole claim, Newman appears to assert that his Eighth Amendment right to be free of cruel and unusual punishment has been violated because he has not been properly awarded various good time credits.  In addition, Newman seems to indicate that his Fourteenth Amendment rights to due process were denied when the Virginia Department of Corrections failed to credit him, in accordance with sections 53.1-202 and 53.1-202.2 of the Virginia Code, with good conduct credits he earned while he was confined awaiting transfer to another correctional facility.  Newman asserts that the Department's failure to award him good conduct credits for the time he served in the Warren County Jail results in his serving time in excess of his sentence.  In his petition, Newman states that he worked as a trustee for the Warren County Jail from November 14, 2003, to January 15, 2004. Warren County authorities awarded Newman with 90 days of judicial good time.  Respondents assert that he is only eligible to earn a total of 6.75 days of extraordinary good time for this period pursuant to Virginia Code Section 53.1-116, and that his sentence was appropriately calculated under this section.

For purposes of good conduct allowance credits, a DOC inmate whose sentence for a felony or misdemeanor conviction began or on after July 1, 1981, is governed by Chapter 6, Article 3, Title 53.1 of the Virginia Code.  See Va. Code § 53.1-199.  An inmate who committed the felony offense for which he is sentenced on or after January 1, 1995, earns sentence credits in accordance with

4

Article 4.  See Va. Code § 53.1-202.2.  Newman's current sentence is derived from parole ineligible sentences for three counts of habitual traffic offender and for one count of  driving under the influence from Warren County.  Service of these sentences began in 2003.  When Newman satisfies these sentences, he will begin to satisfy his misdemeanor sentence from Clarke County for driving under the influence.  At that time, he will begin to earn good time in the Good Conduct Allowance (GCA) System as maintained pursuant to Virginia Code Sections 53.1-198 through 53.1-202.  See Va. Code § 53.1-198 through 53.1-202.

## 1. Cruel and Unusual Punishment Claim

        In order to prevail on his Eighth Amendment claim, Newman must prove that the Department of Corrections subjected him to an unnecessary and wanton infliction of pain "contrary to contemporary standards of decency." Helling v. McKinney, 509 U.S. 25, 36 (1993).  None of the penalties imposed on Newman meet this threshold.  See In Re Long Term Segregation of Inmates Designated as Five Percenters, 147 F.3d 464, 472 (4th Cir. 1999) (noting that "isolation from companionship, restriction on intellectual stimulation [,] and prolonged inactivity, inescapable accompaniments of...confinement will not render [that] confinement unconstitutional absent other illegitimate deprivations).  The Supreme Court of Virginia reasonably dismissed Newman's petition on these grounds.  Accordingly, this Court recommends denying Ground(a) to the extent that it alleges a violation of the Eighth Amendment.

## 2. Due Process Claim

        In order to prevail on his due process claim, Newman must prove that the Department of Corrections deprived him of a liberty interest.  See Hewitt v. Helms, 459 U.S. 460, 465 (1983).  If it did, the Court "must then decide whether the process afforded [him] satisfied the minimum

requirements of the Due Process Clause." Id. at 472.

It is well-settled that "'the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison.'" Id. at 467 (citing Wolff. v. McDonnel, 418 U.S. 539, 557 (1974)).  However, "[l]iberty interests protected by the Fourteenth Amendment may arise from two sources - the Due Process Clause itself and the laws of the States." Id. at 466 (citation omitted).  A state may "create a liberty interest protected by the Due Process Clause through its enactment of certain statutory or regulatory measures." Id. at 470.  The Supreme Court recognizes, for example, that "the repeated use of explicitly mandatory language in connection with requiring specific substantive predicates demands a conclusion that the State has created a protected liberty interest." Id. at 472.

The statutes that govern good conduct allowance credits and sentence credits, Virginia Code sections 53.1-116, 53.1-199, 53.1-200, 53.1-201, 53.1-202 and 53.1-202.2, are framed in mandatory language.[2]  It follows that Newman, who is serving a sentence subject to this statute, has a liberty

---

[2]Section 53.1-116 states that "any prisoner committed to jail upon a felony offense committed on or after January 1, 1995, shall not earn good conduct credit, sentence credit, earned sentence credit, other credit, or a combination of any credits in excess of that permissible under Article 4 (§ 53.1-202.2 et seq.) of Chapter 6 of this title.  So much of an order of any court contrary to the provisions of this section shall be deemed null and void." Emphasis added.

Section 53.1-199 states that "good conduct allowances shall be applied to reduce the person's maximum term of confinement while he is confined in any state correctional facility. One-half of the credit allowed under the provisions of § 53.1-201 shall be applied to reduce the period of time a person shall serve before being eligible for parole."

Section 53.1-200 states that [r]egulations approved by the Board shall govern the earning of good conduct allowance.  The regulations shall require, as a condition for earning the allowance, that a prisoner participate in an appropriate ...program...as provided in § 53.1-32.1. The amount of good conduct allowance to be credited to those persons eligible therefor shall be based upon compliance with written prison rules or regulations;..."

Section 53.1-201 states that "[g]ood conduct allowances shall be based upon a four-level classification system...Persons may be reclassified for an increase or decrease in class according to rules and regulations established pursuant to § 53.1-200.

interest in the opportunity to earn good conduct allowance credits and sentence credits while incarcerated. See id.

Newman asserts that under the statute his is entitled to 90 days of judicial good time credit. However, the record provided to this Court by Newman and the affidavit of Doris L. Ewing, the Senior Manager for the Court and Legal Services Section for the Virginia Department of Corrections, demonstrate that any good time credits awarded to Newman for his time in Warren County Jail were not provided pursuant to Virginia Code sections 53.1-100 through 53.1-202. Prior to being classified as a DOC inmate on July 22, 2004, Newman earned credit as a jail inmate at a rate of 2.25 days of credit for every 30 days served, pursuant to Virginia Code section 53.1-116. Therefore, under section 53.1-116, Newman is eligible for 6.75 days of good time credit, which is reflected on Newman's Summary Audit, for the 90 days he spent as a trustee in Warren County Jail. Newman is not entitled to good time credit pursuant to calculations derived from Virginia Code sections 53.1-199 through 53.1-202, since those sections do not apply to his service in Warren County Jail. Since Newman's sentence was properly calculated under the appropriate statutory section, his Due Process rights were not violated as to state provisions or the Fourteenth Amendment of the United States Constitution. Accordingly, to the extent that it alleges a violation of the Fourteenth Amendment right to due process, the Court recommends denying the petition.

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Newman's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss be GRANTED.

Newman's petition should be DENIED to the extent that it alleges a violation of Newman's

Eighth Amendment right to be free from cruel and unusual punishment.  The petition should also be denied to the extent that it alleges a violation of Newman's Fourteenth Amendment right to due process, because he was afforded to the process to which he was entitled.

## IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the  Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr

v Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).


_____/s/_____


_____                                       Tommy E. Miller
                                              UNITED STATES MAGISTRATE JUDGE
Norfolk, Virginia


May 22, 2007

9

## CLERK'S MAILING CERTIFICATE

_____A copy of the foregoing Report and Recommendation was mailed this date to the

following:


      Dennis L. Newman, #335386
      Cold Springs #42
      192 Spitler Circle
      Greenville, Virginia 24440


      Mark R. Davis, Esq.
      Senior Assistant Attorney General
      Public Safety & Enforcement Division
      Office of the Attorney General
      900 East Main Street
      Richmond, VA 23219


_____Fernando Galindo, Clerk


_____ By _____

_____Deputy Clerk


          May 22, 2007